IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CIT GROUP CONSUMER FINANCE, INC.   :
                                                     :
            v.                                    :        CIVIL NO. CCB-09-2392
                                                     :
LEON R. LEVITSKY, ET AL.                :

. . . . oo0oo . . . .

**MEMORANDUM**

Now pending is an appeal filed by CIT Group Consumer Finance, Inc. challenging the denial of its two motions for reconsideration of the final judgment entered by Bankruptcy Judge James K. Schneider on September 30, 2008, in these consolidated adversary proceedings.[1] The issues have been fully briefed, no oral argument is necessary, and the appeal will be denied.

As thoroughly explained in the trustee's brief, CIT failed to appeal from the final judgment entered September 30, 2008, and failed to file a timely motion for reconsideration which could have extended the time for appeal. CIT's first motion was not filed until November 10, 2008;[2] it was denied by Judge Schneider on March 31, 2009. On April 6, 2009, CIT filed a second motion for reconsideration, which Judge Schneider denied on July 30, 2009. He explained in his ruling that the first motion, despite referring to Fed.R.Civ.P. 60(b)(6) made applicable by Bkr. Rule 9024, was in effect a motion for reconsideration under Fed.R.Civ.P. 59 made applicable by Bkr. Rule 9023 and was untimely (31 days beyond the 10-day time limit). The second motion was brought under Fed.R.Civ.P. 609(b)(4), which has no time limit, claiming the judgment was void. Judge Schneider denied this on the merits, finding that if he had erred in

---

[1] *Simpson v. Levitsky (In re Levitsky)*, Adv. No: 04-16203-JS and *Manufacturers & Traders Trust Co. v. Levitsky (In re Levitsky)*, Adv. No: 05-01254-JS.
[2] It was titled, in relevant part, as a motion for "Rule 9024 Relief" from the Sept. 30, 2008 order. (Dkt. No. 381).

1

the manner alleged by CIT the judgment was at most voidable but not void, and also finding that CIT's constitutional "taking" argument was not raised at trial and had been waived.

CIT's hyperbolic attack on the bankruptcy court's "incomprehensible" decision provides no grounds to overturn Judge Schneider's orders.[3] As a Rule 59 motion, the November 11, 2008 filing was untimely; if construed as a Rule 60(b)(6) motion, no extraordinary circumstances that would justify relief were shown. The second motion relied on a constitutional argument that had not been raised at trial and was waived.

A separate Order follows.

| | |
|---|---|
| March 8, 2009 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |

---

[3] In fact, Judge Schneider did not decide that the M&T lien did not exist; rather he decided it could be avoided by the Trustee because a hypothetical bona fide purchaser could do so. Once avoided, it was preserved for the estate, and the Trustee succeeded to M&T's position.

2